IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

THOMAS HARRISON                                                                    PETITIONER

VS.                                                      CIVIL ACTION NO. 3:20-cv-295-DPJ-FKB

WARDEN VEREEN                                                                      RESPONDENT

## REPORT AND RECOMMENDATION

Thomas Harrison is a federal inmate housed at the Federal Correctional Complex in Yazoo City, Mississippi (FCC-Yazoo), where he is serving a 36-month sentence for a drug offense. Harrison filed this petition pursuant to 28 U.S.C. § 2241 challenging a determination of guilt in a prison disciplinary proceeding and his resulting loss of good-conduct time. Presently before the Court is the motion of Respondent to dismiss, or, alternatively, for summary judgment. [11]. he undersigned recommends that the motion be granted.

On August 27, 2019, Officer Jeffrey Strickland, the warehouse worker foreman at FCC-Yazoo, observed a physical altercation between Petitioner and another inmate, Daniel Proctor. Officer Strickland radioed for assistance, and several officers came to the scene, restrained the inmates, and escorted them to the lieutenant's office.

On September 5, 2019, Officer Strickland issued an incident report charging Petitioner with a violation of Code 201 of the Inmate Disciplinary Code, fighting with another person, BOP Program Statement 5270.09 § 201.[1] [11-3] at 1. In the report,

---

[1]The prison disciplinary process begins with the issuance of an incident report prepared by a prison staff person. The report is normally served on the inmate within 24 hours. The next step is the appointment of an investigating officer (a supervisory-level staff member) and an investigation by him. The investigation includes a meeting between the investigator and the inmate at which the inmate is given the opportunity to make a statement. The inmate has the right to remain silent; however, an adverse inference may be

Officer Strickland stated that while making rounds, he had observed Petitioner and another inmate in cell 230 upper "striking each other with closed fist [sic]." *Id.* The incident report was referred for investigation by Lt. B Derrington, who delivered the report to Petitioner on September 5, 2019. *Id.* at 2. Petitioner declined to make a statement during the investigation. *Id.*

BOP disciplinary procedures provide that an inmate is to normally receive the incident report within 24 hours of staff's learning of his involvement in an incident. PS 5270.09 § 541.5. On September 9, 2019, Petitioner was given notice that delivery of the incident report and the UDC hearing had been delayed due to the necessity of rewriting the report to include the signature of a non-custody staff member. [11-3-] at 3. The next day, on September 10, 2019, Petitioner received notice of the hearing before the DHO and notice of his rights at that hearing. *Id.* at 13-14 Petitioner signed a form waiving his rights to a staff representative and to call witnesses at the DHO hearing. *Id.* at 14.

The Unit Disciplinary Committee (UDC) hearing was held on September 16, 2019. At the UDC hearing, Petitioner attempted to justify his involvement in the altercation by stating that he had been the victim and had been trying to defend himself.

---

drawn against him for doing so. When the investigator has completed his investigation, he records his results on the incident report and forwards it, along with any other relevant materials, to the Unit Disciplinary Committee (UDC). If the alleged offense is a low or moderate severity offense, the UDC may make a determination as to guilt. Where the UDC determines that the inmate did not commit the offense, the UDC expunges the report from the inmate's file. Alternatively, it may refer the matter to the Disciplinary Hearing Officer (DHO). Referral to the DHO is automatic for high severity offenses. Where the matter is referred to the DHO, the UDC advises the inmate of his right to choose a staff representative for the hearing and to request witnesses. Following a hearing, the DHO issues a written decision. The decision may be appealed through the Administrative Remedy Program. *See generally* BOP Program Statement 5270.09 §§ 541.5-541.8, available at https://www.bop.gov/policy/progstat/5270.90_cn1.pdf.

*Id.* at 1, 12.  The UDC referred the matter to the Disciplinary Hearing Officer (DHO).  *Id.* at 1.

The hearing before the DHO, S.D. Sawyer, was held on September 19, 2019.  Petitioner's statement at the hearing was that Proctor had been high when he entered the cell and that Petitioner had acted in self-defense.  [11-1] at 1.

The DHO issued a written report on September 20, 2019.  She found, based upon the evidence, that Petitioner had violated Code 201.  *Id.* at 2.  The DHO stated that in reaching her decision, she had considered Officer Strickland's statements in the incident report, medical assessments, photographs, and memoranda.  *Id.*  She imposed a sanction that included a 27-day disallowance of good-conduct time.  *Id.*

In support of his petition, Harrison argues that the disciplinary proceeding did not comport with due process in that (1) the incident report was not served within 24 hours of the incident; (2) he was denied his right to call witnesses and have a staff representative at the disciplinary hearing; and (3) the DHO did not review the video footage of the incident.

The procedural requirements for a prison disciplinary proceeding resulting in the loss of good conduct time were outlined by the Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539 (1974).  Those requirements are (1) written notice to the inmate of the charges at least 24 hours prior to the disciplinary hearing; (2) an opportunity "to call witnesses and present evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals"; (3) the aid of a fellow inmate or staff member if the inmate is illiterate or the issue is complex; (4) an impartial

decision-maker; and (5) a written statement by the fact finder as to the evidence relied upon and the reasons for the decision.  *Wolff*, 418 U.S. at 563-70.

Petitioner first complains about the delay in issuing the incident report.  PS 5270.09 provides that the inmate is to "ordinarily receive the incident report within 24 hours of staff becoming aware of the inmate's involvement in the incident."  BOP Program Statement 5270.09 § 541.5.  The use of the word "ordinarily" clearly indicates that the rule is not absolute.  In this case, Petitioner was provided a reason for the delay.  More to the point, even if the delay had been in violation of prison policy, that violation in and of itself would not have constituted a due process violation.  A prison's failure to follow its own rules or administrative procedures, without more, does not violate due process.  *Stanley v. Foster*, 464 F.3d 565, 569 (5th Cir.2006).  Rather, in a disciplinary proceeding, the only constitutional issue regarding procedure is whether a prisoner has been denied the protections set forth in Wolff.  Although *Wolff* does contain a 24-hour notice requirement, that requirement is concerned with the time period between notification of the charges and the disciplinary hearing and is for the purpose of enabling the prisoner "to marshal the facts and prepare a defense."  *Wolff*, 418 U.S. at 564.  Fourteen days elapsed between the date Petitioner received notice of the charges and his hearing before the DHO.  Petitioner has failed to establish a  violation of *Wolff*'s notice requirement.

Next, Petitioner argues that he was denied his right to call witnesses and have a staff representative.  He contends that his proposed witnesses would have testified that Proctor had been high on "spice" on previous occasions and that Proctor admitted to

4

being high and "freaking out" when he entered Petitioner's cell.  However, Petitioner has provided no evidence that he requested either witnesses or a staff representative, and his allegation is plainly contradicted by the form in which he waived these rights. Furthermore, the DHO states in her report that at the beginning of the hearing she reviewed these rights with Petitioner and confirmed his waiver of them.  [11-1] at 2.  He has established no due process violation of these rights.

Petitioner also complains that the DHO failed to review security video footage of the incident.  According to Petitioner, this footage would have established that staff was aware that Proctor was walking around the unit under the influence of drugs, that staff saw Proctor enter Petitioner's cell, and that thereafter staff immediately went to the cell and secured it, placing Petitioner in danger.  He does not allege, however, that the video footage would have shown that Proctor was the first aggressor and that Petitioner was acting in self-defense.  Furthermore, he has submitted no evidence establishing the existence of the video footage he describes, and nowhere in the disciplinary documents is there any indication that he asked to present the footage or for the DHO to view it. Again, Plaintiff has failed to establish a due process violation.

Finally, to the extent that Petitioner is challenging the sufficiency of the evidence against him, that challenge fails to provide a basis for relief.  A court's review of a DHO's decision is limited by the deferential standard of *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445 (1985), which requires merely that there be "some evidence" to show that the inmate committed the offense.  *Id*. at 455. "Ascertaining whether this standard is satisfied does not require examination of the

entire record, independent assessment of the credibility of witnesses or weighing of the evidence.  Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached . . . ."  *Id*. at 455-56.  If there is "some evidence" to support the decision, it must be upheld even if the evidence is "meager."  *Id*. at 456.  Thus, this court's analysis requires only an examination of the evidence supporting the DHO's decision.  The evidence relied upon by the DHO included the incident report, with its statement by Officer Strickland that he had observed Petitioner and Proctor fighting.  That statement clearly meets the "some evidence" standard.

    The undersigned concludes that Petitioner's disciplinary proceeding comported with the requirements of due process and that the decision of the DHO was supported by some evidence.  Accordingly, the undersigned recommends that Respondent's motion be granted and the petition dismissed with prejudice.

    The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Respectfully submitted, this the 12th day of May, 2021.

                                             s/F. Keith Ball_____
                                             United States Magistrate Judge